sider the facts, and, if a verdict not just has been rendered by the jury, to set the same aside.

Judgment and order denying new trial reversed, and a new trial granted; costs to abide the event.

(12 Misc. Rep. 573.)

PAETZIG v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term. May 27, 1895.)

DAMAGES—PERSONAL INJURIES—WHEN NOT EXCESSIVE.

A verdict for $3,600 for personal injuries will not be disturbed as excessive where it appears that plaintiff was 57 years old; that he was rendered unconscious by the accident; that he suffered from concussion of the brain and of the spine, and was bruised on the shoulder and chest, and cut on the head and face; that the injuries were painful, and confined him to his bed for four weeks; and that he was unable to return to work for 16 weeks more; and that at the time of the trial, several years after the accident, he still suffered from his injuries.

Appeal from trial term.

Action by Gustav Paetzig against the Brooklyn City Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Moore & Wallace, for appellant.
Chas. J. Patterson, for respondent.

OSBORNE, J. Plaintiff brought this action to recover damages for injuries sustained by him through the alleged negligence of the defendant in starting one of its cars while plaintiff was in the act of getting on the front platform thereof. Plaintiff made out a case from which the jury was justified in concluding that he signaled the driver of the car to stop, that the car stopped, and that, while plaintiff was getting on the front platform of the car, with one foot on the step and his hands grasping the dashboard rail and the rail of the body of the car, the driver suddenly let off the brake, started the car, and plaintiff was thrown violently to the ground, and, while holding on to the dashboard rail with one hand, was dragged some 25 feet before the car stopped, bruising him severely, and inflicting serious injuries. In opposition to this contention of the plaintiff, some of defendant's witnesses testified that plaintiff tried to get on the car while it was in motion, and missed his hold and fell, and was dragged until the car was stopped. In singular contradiction of those witnesses, the driver of the car testified that he had stopped his car to let off some passengers, and that, while the car was at a standstill, plaintiff attempted to get on the car, stumbled, lost his balance, and fell up against the car and to the ground, and that the car did not move until plaintiff was picked up and helped by the driver to the sidewalk. The learned trial judge very properly submitted the case to the jury, and it has found a verdict in favor of the plaintiff, which, in our opinion, is amply supported by the evidence.

The verdict was for $3,600, and the learned counsel for the appellant contends that the damages awarded were excessive. We cannot agree with'him. Plaintiff was 57 years of age. It was in evidence that when he was thrown to the ground by the sudden starting of the car he was rendered unconscious; that he suffered from concussion of the brain and of the spine, and was bruised on the shoulder and chest, and had some superficial wounds on the face and head, as well as some lacerations of the scalp; that those injuries were painful, and confined him to his bed for 4 weeks, and he was unable to return to his work for 16 weeks more. In addition, he had paralysis of the bladder and of the sphincter muscle, so that artificial means were necessary to draw his water and produce movements of the bowels, and, although the accident happened in April, 1891, the plaintiff still suffers pain as a result thereof, especially when there is a change in the weather. Considering the nature and extent of plaintiff's injuries, and their long duration, we do not think that the damages are at all excessive.

Our attention is called to some alleged errors in the admission of certain questions. We have examined them, and think the exceptions taken are without merit, nor do they seem to us of sufficient importance to call for any discussion. Judgment and order denying new trial should be affirmed, with costs.